United States District Court
Southern District of Texas
FILED

FEB 2 4 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE JAVIER AVALOS-GUTIERREZ ) | |
| ) | |
| v.  ) | C.A. No. __B-04-035__ |
| ) | |
| TOM RIDGE, SECRETARY OF DEPT. OF ) | INS A No. 38 095 843 |
| HOMELAND SECURITY, ) | |
| and ) | |
| JOHN ASHCROFT, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES. ) | |

## PETITION FOR WRIT OF HABEAS CORPUS

Jose Javier Avalos-Gutierrez, Petitioner, files the instant Petition for Writ of Habeas Corpus, and shows as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction herein arises under 28 U.S.C. §§2241 (habeas corpus) and 1331 (federal question).

2. The Petitioner Mr. Avalos-Gutierrez is under an administratively final order of removal (See Exhibit A) which order places significant restrictions on his liberty not shared by the populace at large, including the fact that he cannot travel outside of the United States. *Jones v. Cunningham* 371 U.S. 236, 240(1963). His immigration proceedings were held and concluded at the Harlingen, Cameron County, Texas, Immigration Court.

3. The Respondent Tom Ridge, as head of the Department of Homeland Security maintains his offices in Cameron County, Texas, within the jurisdiction of this court.

### II. THE PARTIES

4. Petitioner Mr. Avalos-Gutierrez has been a legal permanent resident for twenty-two (22) years. He is a year old native and citizen of Mexico who became a legal permanent resident at the age of twenty-four (24) years old. He has a single state court judgment of Deferred Adjudication on June 25, 1996 for possession of a controlled substance, less than 1 gram of cocaine, occurring in Cameron County, Texas, for a criminal act occurring on February 245, 1996.

5. Respondent Tom Ridge is the Secretary, Department of Homeland Security, Cameron County, Texas (herein "DHS"). He is sued in his official capacity only.

6. Respondent John Ashcroft is the Attorney General of the United States. He is

also sued in his official capacity only.

### III. THE FACTS

7. Petitioner Mr. Avalos-Gutierrez was admitted to the United States as a lawful permanent resident (herein "LPR") when he was twenty-three (23) years old, on or about 1982.

8. On or about June 25, 1996, he was given Deferred Adjudication for first time possession of a controlled substance, cocaine, for five (5) year term.

9. Immigration proceedings against Petitioner began on April 30, 1997 charging removability based on a violation of law involving controlled substances which Petitioner denied. He was never charged with having committed an aggravated felony. Proceedings were terminated on September 3, 1997, and the U.S. Immigration and Naturalization Service appealed.

10. About five (5) years later, the the Board of Immigration Appeals (BIA) issued its opinion on June 11, 2002, sustaining the termination of proceedings, and remanding to the Immigration Judge for further proceedings. A copy of the first BIA decision is attached as Exhibit A hereto. On remand, Petitioner sought to file an Application for a Waiver or for Relief under Sec. 212(c) and /or for Administrative Closure of the case pending the issuance of final regulations for Sec. 212(c) relief, which would, if enacted as proposed by the U.S. Attorney General, extend the eligibility for relief under 212(c) to those with convictions to April 1, 1997, allowing Mr. Avalos-Gutierrez to qualify for a waiver. The Immigration Court denied the request. The Immigration Court also determined that Petitioner was not eligible for Cancellation of Removal for Legal Permanent Residents, because he has an aggravated felony conviction, and ordered Petitioner removed from the U.S. Appeal to the BIA followed and it upheld the decision of the Immigration Court in a decision without opinion, as attached hereto as Exhibit B. This petition timely follows that decision.

11. Petitioner alleges that except for the administrative proceedings detailed herein, he has sought no court review of the validity of any immigration court order or BIA decision prior to the filing of this instant suit. He has not been deported from the United States.

12. The Petitioner exhausted his administrative remedies without having an opportunity to present his claim for relief under Immigration and Nationality Act, 8 U.S.C. 1229 B(a), cancellation of removal for legal permanent residents, or for a Sec. 212(c) waiver. Mr. Avalos-Gutierrez urges that because he has lived in the United States for many years, because of his many United States citizen and legal permanent resident family members living in South Texas, because of his single offense, he should be allowed to filed an application for a Waiver under Sec. 212(c)

or file an Application for Cancellation of Removal under Sec. 240Aa for legal permanent residents.

13. Because Mr. Avalos-Gutierrez has substantial roots in the United States, has many family members here, it is likely that he would have qualified for cancellation of removal or for relief under 212(c) had either form of relief been heard on the merits.

14. From the time of Petitioner's criminal conduct and subsequent involvement in immigration courts, from February, 1996 to the first Immigration Judged decision on September 3, 1997 to the present, several significant legal developments in immigration law impacted this case as follows:

√On March 3, 1999, the BIA decided that *Manrique*, 21 I & N Dec. 58 (BIA 1995) had been superseded by 8 USC Sec. 1101(a)(48)(A). *Matter of Roldan* Int. Dec. 3377 (BIA 1999).

√Then on May 11, 2001, in *U.S. vs. Hernandez-Avalos*, 251 F. 3rd 505 (5th Cir. 2001), the Fifth Circuit held that felony possession of a controlled substance constituted an aggravated felony and opined that uniformity would be promoted if the interpretation of the sentencing guidelines were applied to immigration cases.

√Finally, in 2002, the Board ruled in *Matter of Yañez*, 23 I&N Dec. 390(BIA 2002) that it will defer to the law of the federal circuit court to determine whether or not a drug trafficking offense is an aggravated felony.

15. Upon information and belief, Petitioner alleges that a significant number of legal permanent residents (herein LPRs) who were otherwise similarly situated, in that they plead guilty to a criminal offense involving simple first time possession of marijuana have either: 1) Received *Manrique* treatment and their proceedings were terminated without further appeal; or 2) filed for and received cancellation of removal.

## IV. THE CAUSE OF ACTION

### HABEAS CORPUS

Petitioner reasserts and incorporates by reference paragraphs 1- 15 herein.

Petitioner Mr. Avalos-Gutierrez asserts that the removal order violates the laws and Constitution of the United States, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

1. *Impermissible Retroactive Application of Law*

Petitioner alleges that the law has been applied in such an impermissible retroactive manner to him that he has been ordered deported on a ground on

which he was never even charged. Two BIA decisions, the 2002 and the 2004 Board decisions violated his due process rights and federal law as enunciated in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150L. Ed 2d 347 (2001). Mr. Avalos-Gutierrez urges that the interpretation of the law, as reflected in each BIA decision, constitutes retroactive application of the law to him. At the time of his conviction, at the time the Notice to Appear issued (which does not even allege the commission of an aggravated felony as grounds for removal ), at the time of the first immigration court order of termination of proceedings, under the law of the circuit, the Petitioner was eligible to have the proceedings terminated and he remained eligible for cancellation of removal with no statutory bar due to an aggravated felony. Not until 2001, approximately five (5) years after his crime, did a circuit court determine that a similar act constituted an aggravated felony in the illegal reentry context. Without any aggravated felony allegation ever made ever being made against Petitioner, the that has been determined to be the grounds of his removability .

### 2. *Statutory Construction*

#### a. Aggravated Felony

Mr. Avalos-Gutierrez urges that the BIA erred as a matter of law in determining that his conviction for simple first-time possession constitutes an aggravated felony, if in fact that was the basis holding 2004 decision affirming the 2003 decision (because the BIA did so without opinion its exact basis is unknown). The conviction is for an amount under one (1) gram which is a *de minimis* quantity. The NTA does not allege an aggravated felony. There is no allegation of or evidence of drug trafficking, especially considering the quantity involved, under one gram. The charge, guilty plea and judgment all relate to simple possession of cocaine under one (1) gram. Until the immigration court decision of November 14, 2002, approximately six and one-half (6 1/2) years after the criminal act, no prior immigration court had determined that the first time simple possession conviction constituted an aggravated felony in this case. The aggravated felony was never charged or admitted by the Petitioner, but the alleged aggravated felony serves as

the basis for the denial of the cancellation of removal application, and as the basis for removability.

### b. Definition of Conviction

Petitioner further contends that the BIA, as a matter of law, incorrectly interpreted the meaning of as well as the the Congressional intent of 8 U.S.C 1101(a)(48)(A), as amended in 1996. Specifically, Mr. Avalos-Gutierrez urges that Congress did not intend to repeal the Federal First Offenders Act as applied to immigrants and/or Congress did not intend by its re-definition of "conviction" to include cases, such as Petitioner's, who have received deferred adjudication from a state criminal court for a first time, simple possession of a controlled substance with no element or suggestion of drug trafficking in the offense as charged or convicted.

### 3. Equal Protection

#### i. Differing Results Depending of Federal or State Criminal Prosecution

Petitioner Avalos-Gutierrez also claims that the BIA's interpretation of the law as applied to this case violates equal protection because the Board interpretation turns on whether the immigrant was brought into state or federal court as to whether the Federal First Offender Act applies. Especially variable is the different treatment of this crime, possession of under one (1) gram of cocaine, so that the result may be a minimal sentence.

#### ii Differing Results in Different Circuit Jurisdictions

Given the national scope of U. S. immigration law, Mr. Avalos-Gutierrez also asserts that it violates equal protection for the result of his case to hinge solely on the particular federal circuit in which removal proceedings are held. Had Mr. Avalos-Gutierrez been in immigration proceedings in the Ninth Circuit, for example, he would not have been subject to removal at all; had the proceedings been begun in the Third or Eleventh Circuits, he would have been eligible to apply for cancellation of removal. Petitioner would further show that other immigrants whose immigration proceedings arose within the Fifth Circuit, and who successfully transferred venue to other immigration courts located in certain other circuit courts have prevailed on their cancellation of removal claims.

### iii Different Results Due to Timing of Proceedings

Mr. Avalos-Gutierrez would show that the treatment of his case has depended on the timing of law changes and court rulings. This is best exemplified in the instant proceeding itself, in which the 2002 BIA decision, *Matter of Yañez,* op. cit., serves as the basis for the Board Decision. The BIA has completely ignored the *St. Cyr*, op.cit. decision of the U.S. Supreme Court of 2001, in its decision. Other varying results were also possible, based on court rulings in other cases, depending upon the date of hearing, date of law changes and date of court rulings. Some of these possibilities include:

| Timing of Statute/Court Decisions | Result |
|---|---|
| Until 1999 | *Manrique* available |
| Between January, 1999-May 11, 2001 | Cancellation of Removal Hearing |

Petitioner Avalos-Gutierrez, acknowledges that he sought termination under the prevailing law at the time, which was granted to him; but he also believes that if he had received the cancellation of removal hearing he probably would have received the grant of the relief sought from the Immigration Court. It violates equal protection for the result of whether Mr. Avalos-Gutierrez is given an immigration court merits hearing and allowed the possibility of remaining in the United States, or instead is denied a merits hearing and barred from continued lawful permanent resident status, separated from his family and permanently barred from returning to the United States, based solely on the timing of immigration proceedings. Even after *Manrique, op.cit.* was decided many other LPRs with the identical offense, it may be shown, received cancellation of removal until 2001.

### 4. Substantive Due Process

Petitioner Mr. Avalos-Gutierrez further and/or in the alternative asserts that a deportation of him from the United States would violate a fundamental liberty interest which he has to live and work in the United States and a right to unite with his family within the United States. *Landon vs. Plasencia,* 459 U.S. 21, 34 (1982); *Bridges vs. Wixqrß26,* U.S. 326 U.S. 135, 154(1945). In *Plasencia,* the Court wrote:

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom...Further she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. *Op. cit.* P.34.

As a lawful permanent resident, Mr. Avalos-Gutierrez enjoys the same Due Process rights, including substantive Due Process rights.

A violation of the constitutional protection to substantive due process exists when a provision, or a combination of provision, such as exists in this case operate together to create an unjustifiable conclusive presumption which is so broad that it does not meet a compelling state interest. *United States v. Salerno*, 481 U.S. 739, 747 (1987). In the instant case, the 1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996, the Illegal Immigration Reform and Immigrant Responsibility Act, which re-defined 8 U.S.C. Sec. 1101(a)(48)(A) regarding "conviction" and 8 U.S.C. 1229 B(a) which denied discretionary relief to anyone with an aggravated felony with the statutory and court established overly broad and variable definitions of that term, all create an unconstitutional presumption that all lawful permanent residents who have such a court adjudication should be barred from the United States, even when the state criminal system has determined that it is appropriate as a first time offender with a simple, non-assaultive situation to forego an adjudication of guilt and to grant community supervision in a case of de minimis possession.

*5. Procedural Due Process*

Petitioner Mr. Avalos-Gutierrez, additionally and/or in the alternative, urges that the Board's decision deprives him of procedural due process as required by the U.S. Constitution. *Reno v. Flores* 507 U.S. 292, 306 (1993). The Petitioner asserts an entitlement to "fair notice" of a law change. In Mr. Avalos-Gutierrez' case, at the time of his criminal conduct, at the time of the deferred adjudication, and when immigration proceedings began and were concluded by termination of proceedings, relief was available. But by the BIA delay in rendering a decision, and by applying the interpretation of law retroactively and selectively, the BIA was able

to hold that only removal remained an option. This result could not have been contemplated at the time of Mr. Avalos-Gutierrez' guilty plea or at the time the immigration proceedings were initiated, as shown by the NTA (Exh. C herein) which itself does not charge removability based upon an aggravated felony. The concept of fair notice also applies to the charges against one. The right to know and to defend against charges applies not just to criminal cases but also to civil penalties, such as removal. The U.S. Supreme Court has addressed the impermissible retroactive change in a civil penalty in *BMW vs. Gore*, 517 U.S. 559, 574, (1996). It stated:

> Elementary notice of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

Because Mr. Avalos-Gutierrez had no notice of the civil penalty--deportation-- facing him at the time he plead guilty, because the penalty is much harsher than it was at the time of either his criminal conduct and/or the date of the conviction, and because the NTA did not even charge the ground of removal on which Petitioner is ordered removed, the decisions violate procedural due process. Finally, the January 30, 2004, decision fails to state the ground(s) on which it is based. Petitioner is without notice of the grounds on which the BIA affirmed the immigration court decision. He cannot properly address the BIA decision. This legal permanent resident in the U.S. from a young age has suffered repeated constitutional law violations since his 1996 guilty plea.

### 6. International Law and Treaty Obligations

As an additional or alternative basis for the granting of the Writ of Habeas Corpus, Petitioner Mr. Avalos-Gutierrez would show that the BIA decision violates international law and treaty obligations between the United States and Mexico, Mr. Avalos-Gutierrez' birth place. *Universal Declaration of Human Rights*. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

*7. BIA Decision Violates Due Process and Administrative Procedures*

The BIA decision "affirms, without opinion, the results of the decision below." (Exh. B). Thus, the decision stripping the Petitioner of his long-held legal status consists of two lines. Such an opinion, without more, violates the due process and the administrative procedure rights of Mr. Avalos-Gutierrez. This procedure interferes with Mr. Avalos-Gutierrez' right to a reasoned decision and it also fails to provide this Honorable Court with any basis for the BIA decision which this Court might review. This Honorable Court cannot determine whether the agency abided by its own regulations in rendering its decision, or on what basis it affirmed the Immigration Court decision. In addition, Mr. Avalos-Gutierrez would show that he raised new arguments with the BIA which were not argued before the Immigration Judge; because of the nature and manner of the BIA Decision, Petitioner urges that this Honorable Court cannot evaluate the legality of the BIA review, of the decision of the court below as well as of the new arguments raised by the Petitioner on appeal. Because of the failure of the BIA to render a reviewable decision, the Writ should issue.

## V. PRAYER

Wherefore, the Petitioner pays that this Court grant the following:

1) Assume jurisdiction over this matter;

2) Stay any removal of Petitioner;

3) Declare the BIA Decisions void and unlawful and set them aside;

4) Order that Petitioner's immigration case be reopened and that Petitioner be granted a cancellation of removal merits hearing on the merits;

5) Order that Petitioner's legal permanent residency card be returned to him; and

6) Grant any other relief which this Court deems just and proper.

Respectfully Submitted,

*[signature]*

Paula S. Waddle, Attorney in Charge
South Texas Immigration Council
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

*[signature]*
Paula S. Waddle
February 23, 2004

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was mailed FIRST CLASS MAIL to Mr. Steve Schemmel, AUSA, 1701 W. Highway 83, Suite 600, TCB-Bentsen Tower, at McAllen, Texas 78501, on the 24th day of February, 2004.

*[signature]*
Paula S. Waddle

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

---

File: A38 095 843 - Harlingen

Date: JUN 11 2002

In re: JOSE JAVIER AVALOS-GUTIERREZ

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Benigno Pena, Accredited Representative

ON BEHALF OF SERVICE: Lisa M. Putnam
Assistant District Counsel

CHARGE:

Notice: Sec. 237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
Convicted of controlled substance violation

APPLICATION: Remand

ORDER:

PER CURIAM. The Immigration and Naturalization Service timely appeals the Immigration Judge's September 3, 1997, decision terminating removal proceedings shall be sustained.

The respondent pled guilty to the charge of possession of controlled substance (cocaine) and the criminal court deferred adjudication of guilt pursuant to article 42.12, section 5 of the Texas Code of Criminal Procedure, placing the respondent on probation (Exh. 2). Contrary to the Immigration Judge's conclusion, we find that the respondent has a conviction for immigration purposes and is deportable as charged pursuant to section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i). *See Matter of Salazar*, 23 I&N Dec. 223 (BIA 2002).

Accordingly, the Immigration Judge's decision is vacated.

FURTHER ORDER: The record is remanded to the Immigration Judge for further proceedings and the entry of a new decision.

FOR THE BOARD



EXHIBIT A

U.S. Department of Justice  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A38-095-843 - HARLINGEN  
Date: JAN 3 0 2004

In re: AVALOS-GUTIERREZ, JOSE JAVIER

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Waddle, Paula S.

ON BEHALF OF DHS: Cheri L. Jones, ADC

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. See 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

EXHIBIT  
B

U.S. Department of Justice
Immigration and Naturalization Service

Notice to Appear

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A38-095-843

In the Matter of:

Respondent: AVALOS-Gutierrez, Jose Javier
414 Olmito St., Brownsville, Texas 78520
(Number, street, city, state and ZIP code)

currently residing at:
(210) 544-7194
(Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United Sates, but are deportable for the reasons stated below.

The Service alleges that you:

☒ You are not a citizen or national of the United States;
☒ You are a native of Mexico and a citizen of Mexico;
☒ You were admitted to the United States at Brownsville, Texas on or about December 17, 1982, as an immigrant;
④ You were, on June 25, 1996, convicted in the 107th Judicial District Court, Cameron County, Texas for for the offense of Possession of a Controlled Substance(Cocaine, less than 1 gram), in violation of s/s 481.115 of the Texas Penal Code.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision (s) of law:

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act [21 U.S.C. 802]), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
210 E. Jackson Street, Harlingen, Texas 78520
(Complete Address of Immigration Court, Including Room Number, if any)

on  TO BE SET  at _____ to show why you should not be removed from the United States based on the
     (Date)         (Time)
charge(s) set forth above.

Date: 7/30/97

_____ . Assist. Dist. Dir. for Invest.
(Signature and Title of Issuing Officer)

Harlingen, Texas
(City and State)

EXHIBIT C

Form I-862 (Rev. 4-1-97)