IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE JAVIER AVALOS-GUTIERREZ<br>    Petitioner,<br><br>v.<br><br>TOM RIDGE, SECRETARY OF DEPT.<br>    OF HOMELAND SECURITY and<br>JOHN ASHCROFT, ATTORNEY<br>    GENERAL OF THE UNITED<br>    STATES<br>    Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>   B-04-35 |

**OPPOSED MOTION TO TRANSFER CASE TO FIFTH CIRCUIT COURT OF APPEALS PURSUANT TO SECTION 106(c) OF THE REAL ID ACT OF 2005**

Respondent moves to transfer this action to the Fifth Circuit Court of Appeals pursuant to the command of section 106(c) of the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"). The RIDA was enacted into law on May 11, 2005.

**I. THE COURT SHOULD TRANSFER THIS ACTION TO THE FIFTH CIRCUIT COURT OF APPEALS AS DIRECTED BY RIDA SECTION 106(c).**

Through various sections of the RIDA Congress has amended the judicial review provisions of the Immigration and Nationality Act ("INA") to now explicitly provide that all review of removal orders is exclusively in the appropriate United States Circuit Courts of Appeals, even for aliens such as petitioner who have criminally-based removal orders, and that no court has any jurisdiction to

review such removal orders[1] other than as provided by statute at the Circuit Court of Appeals.

As an immediate application of the RIDA judicial review amendments, Congress has additionally provided in section 106(c) of RIDA that for all habeas corpus actions challenging orders of removal that are pending on the date of RIDA enactment, "the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals . . .".[2]

The directed transfer of pending habeas cases to the circuit court complements a concomitant RIDA amendment[3] explicitly providing for subject matter jurisdiction in the circuit courts for judicial review of criminally-based removal orders. Prior to the RIDA amendments, circuit courts had determined that the jurisdictional bar at 8 U.S.C. § 1252(a)(2)(C) for judicial review effectively kept criminally-based deportation and removal cases from being reviewed at the circuit except for threshold jurisdictional questions.

The result was that petitioners with such criminally-based removal orders sought habeas

---

[1] RIDA section 106(a)(1)(B) creates new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

(5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including
section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[2] 106(c) TRANSFER OF CASES.-
Transfer of Cases- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

[3] See n.5.

corpus review of their cases in the district court where possible, because it was held that the absence of an explicit reference to habeas corpus jurisdiction under 28 U.S.C. § 2241 in prior Congressional efforts to limit judicial review was ineffective to restrict such habeas corpus review. See e.g. Goncalves v. Reno, et al., 144 F.3d 110, 120 (1st Cir. 1998), cert. denied 526 U.S. 1004, ("any repeal of the federal courts' historic habeas jurisdiction must be explicit and make express reference specifically to the statute granting jurisdiction."); Mahadeo v. Reno, et al., 226 F.3d 3, 10 (1st Cir. 2000) (pre-RIDA judicial review provisions for removal orders "lack the clear statement of the congressional intent necessary to eliminate habeas review."). Also, the absence of any other forum for review of criminally-based removal orders was a factor in court determinations that pre-RIDA judicial review provisions did not repeal habeas corpus review of removal orders by implication. INS v. St. Cyr, 533 U.S. 289, 314 (2001).

However, through RIDA Congress has at once now unambiguously indicated its intent to eliminate habeas corpus review of removal orders, see Argument, Part II, infra, and at the same time indicated its intent to provide judicial review for criminally-based orders in the Circuit Courts of Appeals. RIDA section 106(a)(1)(A)(iii) has now created a new section of the INA, section 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D),[4] that explicitly provides for a review for criminally-based removal cases in the circuit court, viz., "review of constitutional claims or questions of law". Cf. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) (federal courts "retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on

---

[4] RIDA Section 106(a)(1)(A)(iii) creates new INA section 242(a)(2)(D):

JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-
Nothing in subparagraph (B) or (C) [i.e., INA sections 242(a)(2)(B) and (C), 8 U.S.C. §§ 1252(a)(2)(B) and (C)], or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").[5]

Moreover, cases pending on the date of enactment of RIDA that are transferred to the court of appeals as if "filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply."[6]

Accordingly, this Court should transfer this action to the Fifth Circuit Court of Appeals pursuant to the direction of RIDA section 106(c).

## II. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER PETITIONER'S CLAIMS UNDER THE RIDA AMENDMENTS.

The RIDA's explicit elimination of subject matter jurisdiction, including habeas corpus jurisdiction under 28 U.S.C. § 2241,[7] in courts other than the Circuit Courts of Appeal, in tandem with RIDA's explicit provision for "review of constitutional claims or questions of law" for all aliens upon properly filed petitions for review at the circuit court, is now congruent with the Supreme Court's recognition that "Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal."  INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001).  See also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause.).[8]

---

[5] See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Under the amendments in section 106, all aliens will get review in the same forum -- the courts of appeal.").

[6] INA section 242(b)(1), 8 U.S.C. § 1252(b)(1), is the requirement that judicial review petitions to the circuit courts be filed within 30 days of the date of a final order of removal, and so habeas cases transferred to the circuit court under RIDA section 106(c) are essentially forgiven what otherwise could be a statutory jurisdictional time bar in some cases.

[7] See n.2.

[8] Habeas challenges to pure detention -- that is, challenges only as to the fact of detention or continuing detention and not vicariously to the lawfulness of a removal order -- are not affected by the RIDA section 106 jurisdictional amendments.  See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Moreover, section 106 would not preclude habeas review over challenges that are independent

Additionally, RIDA amends INA section 242(b)(9),[9] 8 U.S.C. § 1252(b)(9), and INA section 242(g),[10] 8 U.S.C. § 1252(b)(g), to explicitly include 28 U.S.C. § 2241, inter alia, within the express terms of those statutory jurisdictional review bars. The sum and substance of these amendments is to make explicit that no court other than the court of appeals as provided by statute now has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States", and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]". INA sections 242(b)(9) and 242(g), respectively, as amended by RIDA.

The effective date for these RIDA judicial review amendments provides that the provisions "shall apply to cases in which the final administrative order of removal, deportation, or exclusion

---

of challenges to removal orders.").

[9] Amendments made by Section 106(a)(2) RIDA to INA:

242(b)(9) CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW.-
Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.*

(Amended language emphasized).

[10] Amendments made by Section 106(a)(3) RIDA to INA:

242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law *(statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Amended language emphasized).

was issued before, on, or after the date of enactment of this division [The Real ID Act of 2005]."[11]

Accordingly, under the RIDA amendments the Court lacks subject matter jurisdiction over the petition, and this case should be transferred to the Fifth Circuit Court of Appeals pursuant to the statutory command of section 106(c) of the RIDA.

        Respectfully submitted,
        Rene Carlo Benavides
        United States Attorney
        CHUCK ROSENBERG
        UNITED STATES ATTORNEY

        //s//Rene Carlo Benavides
        RENE BENAVIDES
        Assistant United States Attorney
        1701 Business 83, Suite 600
        McAllen, Texas  78501
        (956) 618-8010/FAX (956) 618-8016
        State Bar No. 24025248
        Southern Dist. of Texas No. 26215

---

[11] RIDA section 106(b) provides for the effective dates of the RIDA section 106(a) amendments:

106(b) EFFECTIVE DATE.- The amendments made by subsection [RIDA 106] (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.

## CERTIFICATE OF NON OPPOSITION

I hereby certify that on June 14, 2005 I conferred with counsel for Plaintiff on other similar cases and she indicated she needs more time to brief the issue to determine if any portion of the case should not be transferred. I was unable to confer on this particular case.

/s/ Rene Carlo Benavides
Rene Benavides
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was sent by first-class mail, postage pre-paid, to:

Paula S. Waddle
107 N. 3rd
Harlingen, Texas 78550
(956) 425-7434 (fax)

on June 14, 2005.

/s/ Rene Carlo Benavides
RENE BENAVIDES
Assistant United States Attorney