UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 6 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE JAVIER AVALOS-GUTIERREZ | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. B-04-035 |
| | ) | |
| TOM RIDGE, SECRETARY OF DEPT. OF | ) | |
| HOMELAND SECURITY, | ) | |
| and | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES. | ) | |

## UNOPPOSED MOTION TO PERMIT BRIEFING ON THE IMPACT OF THE NEWLY ENACTED REAL ID ACT OF 2005

Jose Javier Avalos-Gutierrez, Petitioner, files his unopposed Motion to Permit Briefing on the Impact of the Newly Enacted Real ID Act of 2005, and shows as follows:

1.    On May 11,2005, the Real ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 was enacted into law.  Section 106(a) of the new law purports to eliminate habeas corpus jurisdiction over challenges to final orders of removal, deportation or exclusion.  This change is a fundamental one, departing significantly from the historical role of habeas corpus in reviewing the legality of executive detention and decisions.  As the Supreme Court stated in the *INS v. St. Cyr* decision, 533 U.S. 289, 364-65(2001), "[t]he writ of habeas corpus has always been available to review the legality of executive detention."  The REAL ID Act further requires that the U.S. district court transfer pending habeas corpus petitions (or part of the case) challenging final orders  of removal to the court of appeals. REAL ID §106(c).   By its very terms, it seems to state that transfer in some cases, or  for some part of a case,  may be inappropriate in certain cases.

2.    Petitioner's counsel files this Motion Time to Brief for the following reason: Petitioner requests this Court's permission to brief whether and, if so, how the REAL ID Act's provision relate to the instant case; specifically, whether transfer is appropriate, and, if so, whether  there are any novel or complex issues presented which impact this case, whether any constitutional issues remain, and/or whether the transfer would apply to all or part of the case.  Counsel believes that approximately thirty (30) days would be sufficient for this purpose.

3.     Petitioner's counsel further alleges that briefing by the parties at this stage is in the interest of judicial economy.

4.     Prior to the filing of this Motion, Petitioner's counsel spoke with counsel for Respondents, Mr. Rene Benavides, on June 15, 2005, who indicated that the government is not opposed to this Motion.

Wherefore, Counsel for Petitioner requests that this court grant this request to brief the impact of the REAL ID of at least thirty (30) days, and such other and further relief as is necessary.

Respectfully Submitted,

Paula S. Waddle, Attorney
4793 W. Expressway 83
Harlingen, TX 78552
(956) 425-6987
(956) 425-7434(fax)
Tx.  SB No 26030400
U.S. So. Dist. Tx. Fed. I.D. No. 5674

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the  Motion was mailed first class mail to, Mr. Rene Benavides, AUSA,  1701 W. Highway 83, Suite 600, TCB-Bentsen Tower, at McAllen, Texas 78501, on the 15th day of June, 2005.

Paula S. Waddle